J. E. COBBEY, PLAINTIFF IN ERROR, v. J. H. BERGER AND OTHERS, DEFENDANTS IN ERROR.

1. **Misdemeanor:** COMPLAINT: COSTS. In cases of complaint for misdemeanor, before a magistrate, whether the case is tried on the merits or dismissed before trial, costs can be adjudged against the complainant, only after a finding that the complaint was without probable cause or malicious.

2. ——: ·——: ——: ACTION BY OFFICER. Whether under our code an action can be maintained, in any event, by an officer for fees earned in a misdemeanor case before a magistrate, against the complainant or security for costs given under the provisions of sec. 287 of the criminal code—*Quære.* But no such action can be maintained unless it has been found by such magistrate that the complaint in such misdemeanor case was malicious or without probable cause.

ACTION by plaintiff to recover fees due him as county judge, in an action wherein Berger made complaint before him in a misdemeanor case. The defendants acknowledged themselves on the complaint "as surety and responsible for costs in this case." Judgment below before WEAVER, J., in district court of Gage county, for defendants.

*J. E. Cobbey, pro se,* cited: *Morton v. Bailey,* 1 Scam., 213. *Davis v. Farmer,* 28 Mo., 54. *Moore v. Porter,* 13 Sergt. & Rawle, 100. *Caldwell v. Jackson,* 7 Cranch, 276.

*Pemberton & Forbes,* for defendants in error, cited: *Sovereign v. The State,* 4 Ohio State, 490. *State v. Campbell,* 19 Kan., 481. *State v. Donnell,* 11 Iowa, 452.

COBB, J.

The complainant, in a misdemeanor case before a justice of the peace or county judge, is responsible for the costs only when the complaint was malicious or without probable cause. In a case like that at bar, where the complaint was dismissed and no trial had on the merits, the complainant (or other person as security) can only be held for costs where, before issuing the warrant, the magistrate shall require, and the said complainant shall, with or without security as required by the magistrate, acknowledge himself responsible for costs in case the complaint shall be dismissed, as provided in sec. 287, Comp. Stat., 710. And then only when the magistrate shall, on entering the order of dismissal, also in some way adjudge, decide, order, or enter the opinion that the complaint was without probable cause. In that case the magistrate should then and there enter a judgment against the complainant or such other person as has, under the provisions of said section, acknowledged himself bound for the costs. The agreement to pay costs, set out in the petition, is not such an one as the law provides for the magistrate to take; and while, had he found that the complaint was without probable cause, and proceeded to enter judgment for costs against the signers of said agreement, the same might have been held binding, it is very clear that, being without the terms and scarcely within the spirit of the statute, no action at law could be maintained upon it, even had there been a finding that the complaint was without probable cause; and without such finding, no liability rests upon such complainant to pay the costs in any event.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.